If they, I would like to take some time for rebuttal of five to seven minutes, your honor. Then let's try to remind you that it's really up to you as that clock ticks down. May it please the court and counsel. Bob Caruso for defendant Zidar. Thank you, your honors, for letting me appear before you today. The, our basic thrust today is that Mr. Zidar did not get a fair trial. Congress has outlined in USC 28, 28, 6638.C, the process to be followed by a magistrate. And the magistrate has to put his jurate, he has to put his seal on his jurates or any action that he does. In this particular case, there were some warrants that were issued, did not have, did not have the magistrate seal, which is clearly a statutory violation. A statute that's enacted by Congress and the president and our tripartite party. You've, you've raised, I don't know, 10, 15, 20, 30, 40 issues. I don't know how many. I didn't count them. What is your very best issue that we should focus on, on looking at your client's position? I think the number one issue is that the, that the statutory violation by the government in regarding the lack of the magistrate seal. Okay. So that's, we should, and if it, if that isn't it, then what's second? The second would be the, that my client's speedy trial rights were violated. The third would be the confrontation clause. The fourth would be the vouching by the trial court. Don't go through them all. And the jury instructions. But the, the, the magistrate is an officer of the district court. Is that correct? No, sir. No, Your Honor. The magistrate is a, is a legislative. No, but the magistrate is appointed by the district court. By the district. Right. And by the conference, Your Honor. No, by the district court. They are, they are, Your Honor. Right. So he's appointed by the district court and performs duties as assigned by the district court. So isn't the use of the district court seal, if it does violate an act of Congress, isn't that totally technical in terms of how that person's doing his job? Well, I don't think, I don't believe that it's technical at all. It violates the separation of powers doctrine. The magistrate cannot take any action that isn't authorized by, that isn't authorized by Congress at all. The magistrate's, the magistrate's The magistrate, the district court has power to supervise and review the actions of the magistrate's court, as, as the, as the, as Judge Tallman has just indicated. The district court does not have the power to act for the magistrate's court, because then it would be usurping the powers of Congress. The magistrate's seal is the official seal that grants it power to act as per the edicts and the statutes of Congress. When the district court seal was used to give effect to the magistrate's act of issuing the subpoenas, the district court became more than a supervisor or a reviewer. It actually used its power to give the magistrate's powers delegated only to Article III, Section 1 judges. And, and that's delegated by the Constitution. The magistrate receives all of its powers from Congress and is legislated by Congress. And a magistrate, a magistrate is not appointed, it, it, it does not serve for life or during good behavior, and also their salary is not fixed and can be reduced, or the magistrate can be replaced. The act of using a district court seal to seal an official act of the magistrate gives the district court jurisdiction to review its own acts and usurps the power given to the Supreme Court and other inferior courts that have been, that have been, that have been authorized by the Constitution. There is a, in, there is a saying in statutory interpretation called espresso unis est exclusio alteris, which means the expression of one thing implies the exclusion of the other, of the others. The canon of espresso unis est exclusio alteris, as applied to statutory interpretation, creates a presumption that when a statute designates certain persons, things or manners of operation, all omissions should be understood as exclusions. We're, we're, if, if the, if the, if one branch, we, we got a tripartite, tripartite government here. And, and the magistrate's discretion was instituted by Congress, and it was, it was signed by the President. So if all of a sudden, one of our, of our ---- Didn't the district court deny this motion on the grounds it was untimely? It, it, she sure did, Your Honor. You bet the district court did that. Well, isn't that the real issue? That's one of the issues that the ---- No, I mean, how do we reach this issue if the district court said this, this motion is untimely? I'm going to deny it for that reason. Don't we have to get around that decision before we ---- She, she denied it on the basis of Rule 16, Your Honor. And Rule 16, the, of the Federal Rules of Criminal Procedure, do not trump the constitutional process as outlined by Congress and the Constitution. So if you've got a constitutional argument you're making, you don't have to follow the rules in order to present it according to the district court's timeline of when the motion should be presented. Is that what you're saying? Oh, no. I, I believe that the Court is implying, to answer your question, that's exactly what I'm saying. But I believe that the Court is implying that, that that was done deliberately. It's my understanding in the rules of law in our society that a constitutional argument can be brought any time prior to trial, to trial that it's reasonable. Plus, Your Honor, the, the, my client shows tremendous prejudice by that. There were other defendants in the same case that were allowed additional time to bring their motions for whatever motions that they brought. They were allowed right up until the month before trial. Mr. Caruso, may I interrupt you for just a second? Yes, Your Honor. Mr. Caruso, are you saying that if a defendant doesn't object to a question because, even if the question calls for hearsay of a Crawford type, the defendant can raise that issue at any time because it's a constitutional question? Well, I believe that there are some constitutional, yes, Your Honor, I am saying that there are some constitutional errors. A constitutional issue, no matter what it is, does not have to be timely objected to or timely preserved. That's what, how you read the Constitution. I read the Constitution that it has to be done prior to trial, Your Honor, at a time when the defendant is not going to be able to raise that issue at any time. And that, that the, the court rules do not trump the, the rules of Congress, and there are rules that would indicate that. And, and the, and the court made discretionary rulings that were prejudicial to my, prejudicial to my clients. They let their inconsistent rulings with the other defendants that were there about the other defendants were given, given those things. In other words, the fact that you are claiming a constitutional violation here doesn't really get past the point of you're now saying, well, the rule was applied to us unfairly because it was applied to us differently than the other defendants. That doesn't have anything to do with whether there's a constitutional claim involved, does it? Well, I believe that anytime that a defendant, that a defendant's right to put a defense before a jury or before a court is violated, that that's a constitutional violation, whether it's of a court rule or these other rules. The fact is that we have a statute here, Your Honor. I'm glad that you're asking these questions, and I enjoy the challenges. Why have any rule outlined by Congress? I mean, why don't we just do what they did at Ruby Ridge and at Waco and don't serve any warrants and just go down there and start shooting the people? We have a government that has to be a balanced government, and that balanced government says that you have to obey the laws, and that includes the United States government that needs to obey the laws also. Anytime that the United States government steps over the line and they refuse to obey the rules that are set out by Congress, that makes them no better than the criminals that they're trying to prosecute. And my client didn't get a fair trial, and that's what we're here to say today. I'm happy to answer any more questions that you have on that particular issue, Your Honor. I'd like to go on, if I may, to the evidence. My client was arrested on May 10th in the year 2000, and he was arrested when his 14 armed agents came at his car when he was pulling out of his garage early in the morning with black masks and black paraphernalia, and they pounded on the car and they took these assault-type weapons and pointed them at my client's heads, took them out of their car, forced them back into their house against their will, handcuffed them, kept them incognito and isolated in handcuffs in separate rooms and interrogated them for three hours. Three hours. They were under arrest. When they made that first search? Yes, Your Honor, when they made the first search. So my client was clearly arrested. The rules on speedy trial rights are that you have to, the rules on speedy trial rights are that you have to, within 30 days of arrest, you have to put an affidavit, you have to either indict them or file an information against them. That didn't happen. My client was, next month is May. Today, April 3rd, in the year 2006, my client has been incarcerated, imprisoned for five solid years. They didn't file this indictment against them until after, about 11 1⁄2 months after they initially arrested him. There can be no question that my client was not free to leave that he was arrested and that there is some pre-charging prejudice. This was brought up in front of the magistrate's court when Mr. Zadar was arraigned. I want to talk about another issue before my time gets down here really close. The trial judge indicated, the government put on a witness, a lawyer from Costa Rica. And that lawyer got up and he testified during the government's case in chief that one of the key witnesses for the government, the key witness for the government, was arrested in Panama for narcotics trafficking. And the government did not object to that question. They didn't go into it. They didn't ask any questions about it. About five days later in the trial, they had the judge give, the trial court, give an instruction to the jury, unequivocally said, the court said, there is no evidence to suggest that Mrs. Phillips has ever smuggled drugs or committed any drug-related offenses. The court's testimony lies in the face of the government's own witnesses' testimony. And I was not allowed to go into that. There's a confrontation clause violation there. I believe that the court is extremely familiar. I thought, sir, that the witnesses there, I thought that the witnesses said there was a news article indicating, indicating. Yes. Right? But not that they had personal knowledge of it. That was not gone into by the government, and it wasn't allowed to go into by me. The government and the court testified and vouched without giving a cautionary instruction as to the credibility of the witnesses as a province of the jury. They took that away from the province of the jury, and I was not allowed to ask any type of questions regarding that at all. As a matter of fact, I was told I would be held in contempt if I would. How would the trial judge know whether Mrs. Phillips, this particular witness, had been arrested for narcotics trafficking or not, unless the judge had some ex-party contact with somebody? And I'm not saying that she did. How can the judge make that testimony? It's just a blatant, unqualified statement by the court that is backed up by the government. The government can't testify. They are not witnesses. I'm down to six minutes, and I'd sure like to hold that for rebuttal. I appreciate it, Your Honor. Thank you very much. If you have any more questions, I'd sure answer them before I go. Thanks. We may have some more in your rebuttal argument. May it please the Court, my name is Carl Blackstone, and with Andrew Friedman, we represent the United States in this appeal. We also represent the government in a trial, Your Honors. The defendant here got an extremely fair trial. Judge Rothstein did everything to ensure that he got a fair trial. His trial lasted 32 days. There were hundreds of exhibits introduced. The government called over 75 witnesses. The defendant testified over the course of five days. And after a brief deliberation, the jury convicted him of all counts. Let me address briefly the two issues raised by the defendant. First, the magistrate seal. As Judge Nelson pointed out, the first issue is one of timeliness. This case was indicted on March 28th of 2001. Voluminous discovery was turned over to the defense. Judge Rothstein, as most district court judges do, set a pretrial motion cutoff of January 14th, 2002. That's almost nine months after the indictment was filed. On that date, the defendant filed 33 pretrial motions. It's not as though he didn't have time to cook up every clever idea he could have. Thirty-three motions were filed. Those were ruled on promptly by Judge Rothstein. Then, three months later, April 24th of 2002, months after the pretrial motions cutoff, the defense filed a motion to suppress. He did not move to suppress the warrants for lack of probable cause or overbreath. He moved solely on the grounds that the warrants did not contain the seal. And as we pointed out, we responded saying this is untimely. Judge Rothstein set a pretrial motion cutoff. Rule 12 says district court judges should do that. And absent good cause, a defendant cannot file a motion after the pretrial motion cutoff. We pointed out that all the evidence that the defendant relied on was available to him early on in this case. He had copies of all the search warrants. He could have gotten them himself. They're all public records. So we argued first that there was no good cause showing to allow an untimely motion. Then we addressed the merits, and we pointed out the contrary. The issue at first frame was there was no seal at all on these warrants. We went and got the original warrants, and we pointed out that because the seal is embossed, that does not photocopy. We got affidavits from the clerk of the court in Arizona and here in the Western District saying no, the warrants actually do bear the seal of the district court. Judge Rothstein did not reach the merits. She threw the motion out on the grounds of timeliness. Now on appeal, the issue has changed. The issue now is, okay, we agree there was a district court seal on there. There should have been a seal of the magistrate judge. We submit that's a distinction without a difference. As we pointed out in our brief, the district court in the State of Washington in the Western District does not have a seal for the magistrate. The magistrate uses a seal of the district court. But let's assume there is a magistrate seal. Does it matter? The point is these search warrants were all signed by a magistrate judge. There's no dispute about that. The point is these were all validly issued. The point is these were all filed with the clerk of the court. Whether there's a seal or not should not make a difference in terms of suppression because at the very least you've got the good faith exception. You can't say that an FBI agent should have known there should be a magistrate seal on these warrants. So the agents were acting in good faith when they executed it. So we submit the court doesn't need to reach the issue. You can rule on the timeliness grounds, or at the very least, you can say whether it's a seal of district court or the magistrate, these were validly issued warrants and the police were allowed to rely on them in good faith. Aren't warrants usually issued by a court? No. In this district, they're usually issued by a magistrate, Your Honor. But, I mean, in other words, it's issued by the district court of the Western District of Washington, not the magistrate's court of the Western District of Washington. That's correct. And the magistrate, as the court pointed out, is appointed by the district court. He or she serves at the pleasure of the district court and they're basically doing the work of the district court. And let me address the issue of speed trial. I can address that briefly, Your Honor. On May 10th of 2000, a search warrant was executed at the defendant's home in Arizona. The FBI, the Postal Service, and the IRS all went in. The defendant was detained. He was handcuffed. And police do that in every single search for officer safety. They want to secure the premises. They tend to detain the defendant who is there, detain everybody that's there to make sure everything is safe. They then released him, and he was told he could leave or he stay. He chose to stay and watch the search go on. There was no arrest warrant for the defendant. There was no complaint. There was no indictment. There was no information. He was not charged with anything. The charges were not filed until about 11 months later in March of 2001. The Speedy Trial Act only applies when there both is an arrest and a charge. Here, there was never a charge. There's no requirement that the government indict somebody within 30 days of a search warrant. This happens all the time in complex fraud cases. The government typically will do a search, gather the evidence, take several months, maybe years, before they bring charges. But there's never been any court in this land that's held that Speedy Trial Act begins to run at the time a search is done and a defendant is briefly detained. There's a case on point. I think we cited the court, the Calandra case. That was a case in which the military police actually arrested somebody for making a bomb threat. They didn't file formal charges. They waited 44 days before they filed formal charges. And this court held, that's fine, no problem. All they did was arrest. There were no charges filed. So what triggers the Speedy Trial Clock is a charge. And as this court will find, there was no charge filed until about 11 months after the search. Finally, on the confrontation clause, yes, Judge Rothstein did instruct the jury that Ms. Phillips had not been arrested for narco-trafficking and money laundering. And that grew out of what Judge Gould said. A witness said, I read in the newspapers in Costa Rica that Ann Phillips had been charged with narco-trafficking and money laundering. That never happened. There was no evidence presented from the defense that said Ms. Phillips had been arrested for those charges. Her only arrest was based on the fraud charges arising out of this district. Did that get into the record, that that was her only arrest? It was never explicitly said in the record, but the defendant never brought in any evidence to say, yes, that's right, she was arrested for narco-trafficking and money laundering. And he had many opportunities to do that. What was going on here? Judge Rothstein got very frustrated because throughout the course of this trial, the defense counsel kept going to improper matters on cross-examination before this happened. With one witness, he asked the witness if he'd been investigated by a district attorney in California. Judge Rothstein called a sidebar and said, do you have a conviction to support that? The defense lawyer said, no, absolutely not. Then a witness shortly thereafter was asked, have you had problems with the IRS regarding your taxes? Again, he had nothing to impeach the witness with. Judge Rothstein got very frustrated. This Court will see that in some of the excerpts we've given you. And she repeatedly told counsel, you will not impeach somebody unless you have a prior conviction. Then along comes Ann Phillips, and we bring up this narco-trafficking. To compound the problem, Miss Phillips being cross-examined, the defense lawyer asked her about a mortgage on her home. We object on the grounds of relevance. Judge Rothstein, in front of the jury, said, what's the relevance? And the defense lawyer said, that goes to embezzlement, Your Honor. We had a sidebar, and Judge Rothstein said, do you have any evidence of that? Do you have a conviction of that? Absolutely not. So in that context, Judge Rothstein said, I'm going to instruct the jury that Miss Phillips was not charged with narco-trafficking or money laundering. I'm also going to tell them she's never been charged with embezzlement. And she gave that instruction. And her instruction was absolutely truthful. There was nothing wrong about what she said. She was trying to set the record straight and make sure there was not a false impression created in front of this jury. The bottom line, Your Honors, even if there was some error here, at the very most, it's harmless error. As I pointed out, this trial went on for many, many days. Many, many witnesses testified. The defendant took the stand for five days. He had every opportunity to present his case. It was a fair trial. It was a just trial. And we ask that you affirm the conviction and the sentencing. Thank you. Thank you very much, Mr. Blex. Thank you, Your Honors. I believe that the counsel for the United States misstated the record when he says that there's never been any rules regarding the Speedy Trial Act. The Speedy Trial Act, and I'm going to quote it here, USC, 18 U.S.C. section 3161B states, Any information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which said individual was arrested, first element, or served with a summons in connection with such charges. Well, there's no doubt in anybody's mind that he was arrested. They just didn't come in and put him in handcuffs and go through the house. They kept him in handcuffs for three hours. They kept him in, and they kept him isolated, and they kept going at him with their questionings, and they kept telling him how much trouble they were in. This SEC proceedings where they came in and they did what they did to my client was nothing but a pretext for them to gain information illegally so that they could use it against my client in a court of law. Do you have any case or your best case that says that detaining someone in handcuffs during a search is an arrest for speedy trial purposes? Your Honor, the Supreme Court has said clearly that inhabitants of a house can be detained pending a search. Now, there's Supreme Court precedent saying a person can be detained in an administrative way during a search. So do you have any precedent saying that is an arrest for speedy trial purposes? The arrest comes as was the client free to leave or not? When they put the handcuffs on him and they put armed guards over them and they held him in rooms, is the answer no? Is the answer no to Judge Gould's question that you have no authority saying that detention during a search is an arrest? Well, I would disagree that it's detention, Your Honor. It is an arrest. What case says that? I can't quote you the case right now. There is a case out there that indicates that it is a subjective belief on the party's ability to perceive that he was free to leave. If you were handcuffed in a room and you were isolated and you got an armed guard over you and you're not free to leave, you were under the control of those people. Isn't that always the case in a detention during a search? So what you're saying is every search detention is an arrest for speedy trial purposes. Is that what you're saying? I believe in this particular case, yes, I believe in this particular case it is. My client wasn't free to leave and they didn't offer him. He was released after the search was completed, correct? He was released three hours. Right, correct. After the search was completed, he was released. Is that correct? Yes, three hours. They could have put him back outside. They took him into his house against his own will. They could have released him and said, hey, you're free to go. We're going to search this or you can stay. They didn't do that. They didn't do that. I think that Michigan v. Summers is the Supreme Court case that some time ago said there could be a detention during a search, and then they had another case in this last term where they said the same thing. How much of a detention, when does a detention go into a full trial arrest? A reasonable detention for 10 or 15 minutes, the same type of a, like a Terry stop? When it goes into three hours and you're under constant pressure by that, that manifests itself into a full custodial arrest. That's just not a detention. A detention is something that somebody does while they check things out to make sure it was safe. They walked in there. They made sure the house was safe. They knew that within the first 20 minutes, and they kept my clients there for three hours. I'd like to address the discovery issues. Your Honor, there was more than 400,000 documents here, and the discovery was a very difficult situation. The trial court judge did act differentially towards other clients and give them more time to respond, up to a month before trial. I brought my motions for my client within two months of trial. When Mr. Blackstone said about the good faith of the government agents, the FBI, that they don't know that, these government agents that work have or should be held to a higher standard of conduct in that they, if anybody should know the law, they should know the law. And when they didn't have that magistrate seal on there, that's not my client's fault. And the fact that they say that it's done all the time and the seal of the district court is used all the time, that goes into the province of a separation of powers issue, and they just can't do that. The magistrate is a legislatively created court, not a judicially created court or a constitutionally created court, and there are a lot of differences. When that magistrate failed to put his stamp on there, and there is a magistrate stamp, as evidenced by my brief, he abandoned his office. And anything that he did when he failed to follow the laws mandated by Congress, I believe, is a violation of his office and a pure abandonment, and those warrants should be held as void, ab initio, from the beginning. So your time is up. Thank you. I think you could conclude. We need to go to conference. Thank you for your courtesy to me. I sure appreciate it. Have a nice. We appreciate your argument and the government's argument. Thank you. And the case of U.S. v. ZDART shall be submitted. Thank you both. Thank you. Judge Baya, you know we're going to confer. Yeah, Judge Baya, we will be conferring by phone with you. Can I give you a call in about five minutes? Yes. Do we have his number there? We're going to call you back. All right. We'll call you back. Call me back. Give me five minutes, please. Five to ten minutes, probably ten minutes. All right. Ten minutes. Okay. This court for this session stands adjourned. This court is adjourned.
judges: T. Nelson, Gould, Bea